Louis Heins, Appellant, v. B. F. Tamblyn.

**Execution Sales:** year of redemption: *Wrongful possession by execution sale purchase.* Under Code 1873, section 3102, providing that the owner of land sold on execution shall be entitled to the possession for the year succeeding the sale, within which he may redeem, a member of a firm whose land was sold on execution against the firm may recover from the execution purchaser for the reasonable value of the use of the land during the year of redemption, where the purchaser bid therefor and went into possession immediately after the execution sale, pursuant to an agreement with the owner's partner, where it does not appear that the owner was in possession thereof at the time, or knew of the purchaser's going into possession, or that the partner was authorized to make such an agreement, or that the owner ever ratified his assumption of authority.

*Appeal from Benton District Court.*—Hon. G. W. Burnham, Judge.

Thursday, February 1, 1900.

Action to recover the rental value of certain real estate. There was a trial to the court, and judgment in defendant's favor. Plaintiff appeals.—*Reversed.*

*Heins & Heins* and *Gilchrist & Whipple* for appellant.

*Cato Sells* for appellee.

WATERMAN, J.—The facts are not in serious dispute. The Benton County Savings Bank had a judgment against the firm of George A. Miller & Sons and the individual members thereof, two of whom were George A. and George E. Miller. An execution was issued on this judgment, and levied on lots 5 and 6 in block 1 of Talcott's addition to the town of Norway, being the property of George A. Miller. At the sale had under this writ, defendant was a bidder. After defendant had made a bid, he stated that he wished immediate possession of the real estate, and that, if he could not have this, he would withdraw his bid. After some discussion, George E. Miller, who was present, signed a written agreement that immediate possession should be given. Defendant then materially increased his bid, and became the purchaser. He entered at once into possession, and this action is to recover the rental value of the premises during the year for redemption, when George A. Miller was entitled to possession; the latter having assigned his claim for rent to plaintiff. It does not appear that George A. Miller was in actual possession of the premises at the time of the sale, that he surrendered same to defendant, or knew at the time of the latter going into possession. This, in our opinion, disposes of the question of estoppel. George A. Miller, who held the title to this real estate, was entitled, of course, to possession during the year succeeding the execution sale. Section 3102, Code 1873. There is no attempt here to show that George E. Miller, in making the agreement as to possession, was the agent of the owner, or that the latter ever ratified his act. We are at a loss to know on what theory the trial court proceeded in denying to the debtor his right to possession. Plaintiff was clearly entitled to recover the

reasonable value of the use of said real estate, and the judgment must be REVERSED.

GRANGER, C. J., not sitting.